IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Todd Griffith,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AZ's Finest Towing LLC, et al.,<br><br>　　　　　Defendants. | No. CV-24-03092-PHX-DMF<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

This matter is before the Court on the stipulation for dismissal filed by Plaintiff/Counterdefendant Griffith and Defendant/Counterclaimant Hayes (Doc. 45).

While Plaintiff/Counterdefendant Griffith and Defendant/Counterclaimant Hayes consented (Docs. 9, 18), the remaining defendants[1] have not appeared in this matter let alone consented. Before appearances and consent of all defendants, there is not full consent for a Magistrate Judge to enter dispositive orders. *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Thus, pursuant to General Order 21-25, this Report and Recommendation is made to Senior United States District Judge Stephen M. McNamee.

By way of background, on August 18, 2025, a settlement conference with Plaintiff/Counterdefendant Griffith and Defendant/Counterclaimant Hayes was conducted

---

[1] The other active defendants are AZ's Finest Towing, LLC ("Defendant AZ's Finest") and Alex Phillips ("Defendant Phillips").

by Magistrate Judge Macdonald (Doc. 38).  The corresponding minute entry minute entry states, "Plaintiff/Counter Defendant, Matthew Todd Griffith, and Defendant/Counter Claimant, Flyn Hayes, have resolved their claims and will file a dismissal stipulation as appropriate" (*Id.*).

On September 22, 2025, the Court ordered "that dismissal paperwork as to Plaintiff/Counter Defendant, Matthew Todd Griffith, and Defendant/Counter Claimant, Flyn Hayes' claims shall be filed on or before October 14, 2025" (Doc. 39).  On request of Plaintiff/Counterdefendant Griffith and Defendant/Counterclaimant Hayes, the Court extended time to file the dismissal paperwork to December 12, 2025 (Doc. 41).

On December 12, 2025, Plaintiff/Counterdefendant Griffith and Defendant/Counterclaimant Hayes filed a Stipulation of Dismissal of Defendant Flyn Hayes Only With Prejudice (Doc. 45).  The stipulation states, "Plaintiff and Defendant Flyn Hayes hereby stipulate to the dismissal of this action with prejudice as to Fly[n] Hayes only, each party to bear its own fees and costs" (*Id.*).

The other active defendants, Defendant AZ's Finest and Defendant Phillips, have not appeared in this action and did not participate in the settlement conference (Doc. 38).  Therefore, dismissal based on the settlement between Plaintiff/Counterdefendant Griffith and Defendant/Counterclaimant Hayes should be limited to the claims between them.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Stipulation of Dismissal of Defendant Flyn Hayes Only With Prejudice (Doc. 45) be granted and adopted as recommended herein.

**IT IS FURTHER RECOMMENDED** that the claims between Plaintiff/Counterdefendant Griffith and Defendant/Counterclaimant Hayes in this action be dismissed with prejudice, with Plaintiff/Counterdefendant Griffith and Defendant/Counterclaimant Hayes bearing their own fees and costs as to such claims between them.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be directed to

terminate Defendant/Counterclaimant Hayes from this action.

The above recommendations are not orders that are immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.  In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 20th day of January, 2026.

_____
Honorable Deborah M. Fine
United States Magistrate Judge