# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Todd Griffith, | No. CV-24-03092-PHX-DMF |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| AZ's Finest Towing LLC, et al., | |
| Defendants. | |

**TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

This matter is before the Court on Plaintiff's Amended Motion for Entry of Default Judgment Against Defendants AZ's Finest Towing, LLC and Alex Phillps (Doc. 54).

Plaintiff Mathew Todd Griffith ("Plaintiff" and/or "Griffith") and now dismissed Defendant Flyn Hayes ("Defendant Hayes")[1] consented to a United States Magistrate Judge presiding in this action pursuant to 28 U.S.C. § 636 (Docs. 9, 18). The remaining defendants have not appeared in this matter.[2] Before appearances and consent of all defendants, there is not full consent for a Magistrate Judge to enter dispositive orders. *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Thus, pursuant to General Order 21-25,

---

[1] *See* Doc 53.

[2] The non-dismissed defendants are AZ's Finest Towing, LLC ("Defendant AZ's Finest") and Alex Phillips ("Defendant Phillips") because Plaintiff filed a voluntary notice of dismissal as to "Defendant Luxor Towing and Recovery LLC only, without prejudice, with each party to bear their own attorney's fees and costs" (Doc. 43).

this Report and Recommendation is made to Senior United States District Judge Stephen M. McNamee.

## I.     PERTINENT PROCEDURAL HISTORY AND POSTURE

Plaintiff filed the Complaint initiating this matter on November 7, 2024 (Doc. 1).

Service of the Summons and Complaint on Defendant Phillips was accomplished by service of a co-resident at Defendant Phillips' home on November 20, 2024 (Doc. 11). Service of the Summons and Complaint on Defendant AZ's Finest appears to have been accomplished in January 2025 pursuant to A.R.S. § 29-3119(B) by mailing copies both by Certified Mail Return Receipt Electronic and by Priority Mail on January 14, 2025 (Doc. 21). Default was entered against Defendant Phillips on December 20, 2024 (Doc. 13). Default was entered against Defendant AZ's Finest on February 24, 2025 (Doc. 25).

Defendant Hayes answered the Complaint (Doc. 5), and a Case Management Order issued (Doc. 27).

In June 2025, Plaintiff filed a motion for leave to file a First Amended Complaint (Doc. 33), which was granted (Doc. 34). The First Amended Complaint was thereafter filed (Doc. 35), which added Defendant Luxor Towing and Recovery LLC ("Defendant Luxor Towing") and associated allegations (*Id.*).[3]

As a result of a settlement conference, Plaintiff and Defendant Hayes resolved the claims between them (Docs. 38, 40, 42); Defendant Hayes is dismissed from these proceedings (Docs. 45, 52, 53).

Plaintiff dismissed Defendant Luxor Towing without prejudice and due to inability to effectuate service upon Defendant Luxor Towing (Doc. 42 at 2; Doc. 43). Thus, remaining defendants are Defendant Phillips and Defendant AZ's Finest.

The Court denied without prejudice a previous motion by Plaintiff for default judgment against Defendant Phillips and Defendant AZ's Finest (Doc. 50). In doing so,

---

[3] The First Amended Complaint also added an Exhibit A (Doc. 35-2), but Exhibit A to the actual First Amended Complaint (*Id.*) is different from the Exhibit A submitted with the proposed First Amended Complaint (Doc. 33-1 at 18-20).

- 2 -

the Court observed:

> Here, Plaintiff's motion for default judgment (Doc. 46) does not acknowledge let alone sufficiently address the effect of the First Amended Complaint on the entries of default, which were previous to the filing of the First Amended Complaint (*see* Docs. 12, 13, 24, 25, 33, 35). Service upon Defendants AZ's Finest Towing, LLC and Alex Phillps was completed with the Complaint (Docs. 11, 21) and not with the later filed First Amended Complaint (Doc. 35). Despite the First Amended Complaint (Doc. 35), the motion for default judgment (Doc. 46) repeatedly cites allegations from the original complaint (Doc. 1). Nor does the motion for default judgment (Doc. 46) address the reasons Plaintiff stated for the amendment to the original complaint (Doc. 33). Indeed, the motion to amend stated that "[d]uring discovery, Defendant Flyn Hayes disclosed that she hired Luxor Towing and Recovery LLC to repossess the subject vehicle, not AZ's Finest Towing, LLC" (*Id.* at 2). Further, Plaintiff's motion for default judgment (Doc. 46) does not address any impact of Plaintiff's settlement with Defendant Hayes (Docs. 38, 45; *see also* Doc. 40 ("Defendant Hayes states that she will be unable to pay the settlement before December 12, 2025")). Additionally, the amount sought for actual damages in the motion for default judgment (Doc. 46) appears supported only by an allegation of an agreement between Plaintiff and settled Defendant Hayes.

(Doc. 50 at 2 (footnote omitted)).

On February 10, 2026, Plaintiff filed Plaintiff's Amended Motion for Entry of Default Judgment Against Defendants AZ's Finest Towing, LLC and Alex Phillps (Doc. 54). In the motion, Plaintiff asserts:

> Defendant AZ's Finest Towing, LLC ("AZ's Finest"), and its owner and operator, Defendant Alex Phillips ("Phillips") (together "Defendants"), breached the peace in wrongfully repossessing Plaintiff Matthew Todd Griffith's ("Plaintiff" or "Griffith") 2010 Cadillac in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and Article 9 of the Arizona Uniform Commercial Code, A.R.S. § 47-9609.

(Doc. 54 at 1). Further, "Plaintiff now applies for the entry of a default judgment against Defendants in the total amount of $8,332.50, consisting of $1,000 for statutory damages under the FDCPA, $6,800 for attorney's fees, and $532.50 for costs" (*Id.*).

**II.    PLAINTIFF'S AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS AZ'S FINEST TOWING, LLC AND ALEX PHILLPS (Doc. 54).**

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). "[T]he decision to enter a default judgment is discretionary." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (citations omitted). Once the Court determines that service was sufficient, it should consider the following factors in exercising its discretion regarding entry of a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

Here, Plaintiff seeks default judgment against Defendant Phillips and Defendant AZ's Finest, who were served with the Complaint and against whom default was entered before Plaintiff moved for leave to file the First Amended Complaint (Docs. 13, 25, 33, 35). Plaintiff did not serve Defendant Phillips or Defendant AZ's Finest with the First Amended Complaint.

A first amended complaint supersedes the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989). After amendment, the Court treats the original complaint and all prior amended complaints as nonexistent. *Ferdik*, 963 F.2d at 1262.

In Plaintiff's Amended Motion for Entry of Default Judgment Against Defendants AZ's Finest Towing, LLC and Alex Phillps (Doc. 54), Plaintiff cites one case in support of moving for default judgment against Defendant Phillips and Defendant AZ's Finest despite not having served Defendant Phillips and Defendant AZ's Finest with the First Amended Complaint:

- 4 -

> While an amendment to a complaint generally nullifies a default entered against the original complaint, the outcome can depend on other factors, including whether the amendment materially alters the claims or theories of the case. *See Coyante v. Puerto Rico Ports Auth.*, 105 F.3d 17, 23 (1st Cir. 1997). In *Coyante*, the First Circuit affirmed the district court's denial of an entry of default more than two years after the answer to the amended complaint was due, finding that the defendants had answered the initial complaint and that the amended complaint did not materially alter the plaintiff's theory of the case. *Id.*

(Doc. 54 at 3). The case cited by Plaintiff is not from the Ninth Circuit and does not contravene Ninth Circuit law, cited above, that an amended complaint supersedes the original complaint.

Moreover, Plaintiff's failure to serve Defendant Phillips and Defendant AZ's Finest with the First Amended Complaint is concerning insofar as the new allegations in the First Amended Complaint. Plaintiff described in the motion for leave to file the First Amended Complaint:

> During discovery, Defendant Flyn Hayes disclosed that she hired Luxor Towing and Recovery LLC to repossess the subject vehicle, not AZ's Finest Towing, LLC. Plaintiff subsequently learned that both Luxor Towing and the previously named Defendant, AZ's Finest Towing, LLC, are owned and operated by Defendant Alex Phillips.
>
> Plaintiff now seeks leave to amend the Complaint to (1) add Luxor Towing and Recovery LLC as an additional defendant, and (2) amend the allegations previously directed at AZ's Finest Towing to apply to Luxor Towing and AZ's Finest based on newly discovered information.

(Doc. 33 at 2). These statements call into question Plaintiff's representation in the pending motion for default judgment that "Plaintiff's factual allegations and theory of liability towards Defendants AZ's Finest and Phillips were not materially altered by the filing of the FAC" (Doc. 54 at 3). The First Amendment Complaint's allegations that Defendant Alex Phillips may have been acting for Defendant Luxor Towing during the alleged events undermines the claim in the pending motion for default judgment statement that the

"allegations and claims against Defendants AZ's Finest and Phillips" in the Complaint and First Amended Complaint "are identical" (*Id.*).  It hardly seems identical to first allege in the Complaint that Defendant AZ's Finest is responsible and then to later allege in the First Amended Complaint that Defendant Luxor Towing is alternatively responsible depending on which business Defendant Phillips was acting (*see* Doc. 35 at ¶¶ 36, 37, 72, 73, 74, 87, 93, 94, 96, 97, 98, 99, 106).  Indeed, Plaintiff did not dismiss Defendant Luxor Towing due to discovered facts but because "Plaintiff has been unable to obtain service of process on Defendant Luxor Towing" despite "diligent efforts" (Doc. 42 at 2; *see also* Doc. 43).  Nor is Defendant Phillips on notice from the Complaint that Plaintiff asserts that Defendant Phillips was acting on behalf of Defendant Luxor Towing.

In sum, Plaintiff has not properly served Defendant Phillips or Defendants AZ's Finest with the First Amended Complaint.  The First Amended Complaint superseded the Complaint.  The Complaint did not mention Luxor Towing, and neither Defendant Phillips nor Defendant AZ's Finest are on notice of Plaintiff's assertions regarding Defendant Luxor Towing, which are intertwined with and important to the assertions against Defendant Phillips and Defendant AZ's Finest.

Thus, it is recommended that the entries of default against Defendant Phillips and Defendants AZ's Finest regarding the superseded Complaint and prior to the filing of the operative First Amended Complaint be set aside, the pending motion for default judgment be denied, and Plaintiff be ordered to promptly serve Defendant Phillips and Defendants AZ's Finest with the First Amended Complaint.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Motion for Entry of Default Judgment Against Defendants AZ's Finest Towing, LLC and Alex Phillps (Doc. 54) be denied.

**IT IS FURTHER RECOMMENDED** that the entries of default on the superseded Complaint (Docs. 13, 25) be set aside.

**IT IS FURTHER RECOMMENDED** that Plaintiff be directed to effectuate

service of process on Defendant Phillips and Defendant AZ's Finest promptly and no later than **sixty (60) days** from the date of this Order.

The above recommendations are not orders that are immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.  In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 17th day of February, 2026.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

- 7 -