**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Matthew Todd Griffith, | No. CV-24-03092-PHX-DMF |
| Plaintiff, | **ORDER** |
| v. | |
| AZ's Finest Towing LLC, et al., | |
| Defendants. | |

This matter was assigned to Magistrate Judge Deborah M. Fine (Doc. 9).[1] On February 17, 2026, the Magistrate Judge filed a Report and Recommendation ("R&R") with this Court. (Doc. 55). The Magistrate Judge has recommended denying Plaintiff's Amended Motion for Default (Doc. 54) and setting aside prior default against the remaining Defendants. (Id. at 6). To date, no objections have been filed.

---

[1]     This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo* review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

**DISCUSSION**[2]

Having reviewed the R&R of the Magistrate Judge, and no Objections having been made by any party thereto, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.

Plaintiff filed this action on November 7, 2024. (Doc. 1). Due to Defendants' failure to appear, the Court entered default against Defendant Alex Phillips on December 20, 2024 (Doc. 13) and against Defendant AZ's Finest Towing LLC on February 24, 2025. (Doc. 25). On July 10, 2025, Plaintiff filed his First Amended Complaint ("FAC"), adding new parties and allegations, but did not serve the FAC on the remaining Defendants.[3] (Doc. 55 at 4). Plaintiff now moves, for a second time, for default judgment in the amount of $8,332.50. (Doc. 54 at 1).

A first amended complaint supersedes the original complaint, and the Court treats the original and any prior amendments as nonexistent. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); see also Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989).

---

[2] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Doc. 55).
[3] Defendants Luxor Towing and Flyn Hayes were properly dismissed from this action. (See Doc. 55 at 2).

The Court agrees with the R&R that Plaintiff's failure to serve the FAC on the remaining Defendants necessitates denial of default judgment. (Doc. 55 at 6). Because Plaintiff's FAC supersedes the original complaint and asserts new, intertwined allegations, a default based on the original complaint is improper. See Ferdik, 963 F.2d at 1262. Moreover, without proper service, the remaining Defendants have not had an opportunity to respond to Plaintiff's FAC. Id.

## CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation of the Magistrate Judge. (Doc. 55).

**IT IS FURTHER ORDERED denying** Plaintiff's Second Motion for Default Judgment against Defendants Alex Phillips and AZ's Finest Towing, LLC. (Doc. 54).

**IT IS FURTHER ORDERED directing** the Clerk of Court to **set aside** the prior default against **Defendants Alex Phillips and AZ's Finest Towing, LLC only**. (See Docs. 13, 25).

**IT IS FURTHER ORDERED allowing** Plaintiff to serve Defendants Alex Phillips and AZ's Finest Towing, LLC the First Amended Complaint (Doc. 35) by April 3, 2026.

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 4(m), that this action shall be dismissed without further notice after April 3, 2026, unless before then Plaintiff has served the remaining Defendants with the summons and complaint and has filed with the Clerk of the Court proof thereof pursuant to Rule 4(l) or has shown good cause for the failure to timely serve.

Dated this 6th day of March, 2026.

Stephen M. McNamee
Senior United States District Judge

- 3 -